UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NAJIB SHOUCAIR,

    Plaintiff,

vs.

MILLICENT WARREN AND
CORRECTIONS OFFICERS
DOE 1 AND DOE 2,

    Defendants.
_____/

Case No. 07-12964

Anna Diggs Taylor
U.S. District Judge

Michael Hluchaniuk
U.S. Magistrate Judge

# REPORT AND RECOMMENDATION
# ON PLAINTIFF'S MOTION FOR DECLARATORY JUDGMENT

## I. PROCEDURAL HISTORY

The present complaint was filed by plaintiff Najib Shoucair, a prisoner in the custody of the State of Michigan, on July 17, 2007. (Dkt. # 1). In that complaint, plaintiff seeks damages against three employees of the Michigan Department of Corrections (MDOC) based on allegations that he was denied certain rights under the United States Constitution.[1] Plaintiff sought to proceed under the provisions of

---

[1] Defendants filed a motion for summary judgment alleging that plaintiff failed to exhaust his administrative remedies. (Dkt. # 9). The undersigned recommended that this motion be denied, which recommendation was adopted by the District Court. (Dkt. # 15, 22).

28 U.S.C. § 1915(a), which allows a party to file a complaint without payment of customary court fees. (Dkt. # 2). He was granted the ability to proceed *in forma pauperis* by order dated July 19, 2007. (Dkt. # 3). On October 19, 2007, an order was entered referring this case to Magistrate Judge Mona K. Majzoub for all pretrial matters. (Dkt. # 11). On January 14, 2008, this matter was reassigned from Magistrate Judge Majzoub to the undersigned. (Dkt. # 14).

Plaintiff filed a motion for declaratory judgment on October 19, 2007, asserting that defendants do not have a defense adequate to bar entry of such a judgment and because the injury occurred while he was in the custody of defendant, there is a clear basis for "non-de minimis negligence." (Dkt. 12). On April 22, 2008, the undersigned ordered defendants to respond to plaintiff's motion. (Dkt. # 19). Defendants filed a response on May 6, 2008, arguing that declaratory relief is inappropriate when only past conduct is involved, such as when damages have accrued. (Dkt. 21). Defendant further argues that, because plaintiff has been transferred to another facility, his request for declaratory or injunctive relief is moot. *Id.*

It appears that plaintiff's motion for declaratory relief can be decided without further information or arguments from the parties and, based on the submissions of the parties, **IT IS RECOMMENDED** that plaintiff's motion for

declaratory relief be **DENIED** for the following reasons.

**II.     STATEMENT OF FACTS**

A comprehensive statement of facts may be found in the Report and Recommendation filed by the undersigned in this matter on March 20, 2008. (Dkt. # 15). These facts need not be repeated here.

**III.    DISCUSSION**

When a prisoner sues for equitable relief and, by virtue of a transfer to another prison, is no longer under the control or custody of the defendants, his claims for injunctive and declaratory relief are moot. *Kime v. Jones*, 2007 WL 586793, *3 (W.D. Mich. 2007) (citing, *Mowatt v. Brown*, 902 F.2d 34, 1990 WL 59896 (6th Cir. 1990); *Tate v. Brown*, 902 F.2d 35, 1990 WL 58403 (6th Cir. 1990); *Howard v. Heffron*, 884 F.2d 1392, 1989 WL 107732 (6th Cir. 1989); *Williams v. Ellington*, 936 F.2d 881 (6th Cir. 1991)). "Underlying the rule is the premise that injunctive relief is appropriate only where plaintiff can show a reasonable expectation or demonstrated probability that he is in immediate danger of sustaining direct future injury as the result of the challenged official conduct." *Kime* at *3 (citing, *Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)); *see also, Brieger v. Teletronics, Inc.*, 816 F. 2d 678, 1987 WL 37131 (6th Cir. 1987) (injunctive relief generally inappropriate where remedy at law, i.e., money

damages, is available). Indeed, prior "exposure to an isolated incident of illegal conduct does not, by itself, sufficiently prove that the plaintiff will be subjected to the illegal conduct again." *Kime*, at *3 (collecting cases). Finally, a court should assume that, "absent an official policy or practice urging unconstitutional behavior, individual government officials will act constitutionally." *Id*.

Here, according to plaintiff's complaint, the acts that form the basis of his complaint occurred while he was housed at the Thumb Correctional Facility in Lapeer, Michigan. (Dkt. # 1, pp. 2-3, ¶ 8). From the time plaintiff filed his complaint through the present, he has been housed at the Gus Harrison Correctional Facility in Adrian, Michigan. (Dkt. # 1, p. 1, ¶ 1; Dkt. # 20). Neither plaintiff's complaint nor his motion for declaratory judgment set forth any claim or allegation that he is in danger of any specific future unconstitutional harm. (Dkt. # 1, 12). Rather, he makes a bare allegation that this Court should enjoin defendants from "retaliating" against him for filing this lawsuit. (Dkt. # 1, p. 7, ¶ B). Further, pursuant to the cases cited above, plaintiff's request for declaratory or injunctive relief is moot, given his transfer to another prison and the mere existence of a single occurrence of allegedly illegal conduct.

Plaintiff also seeks a "declaration" that defendants' actions were unconstitutional and asks the Court to order a "permanent injunction" requiring

defendants to bear his medical costs, both already incurred and on an going-forward basis. *Id*. at 7, ¶¶ A, C. These allegations are insufficient to sustain a claim for equitable relief in that they relate to past conduct or constitute claims for damages. Finally, it would be inappropriate for this Court to "declare" that the defendants acted in violation of the constitution through a declaratory judgment motion before discovery has even been conducted. And, the issue of whether defendants' actions violated the constitution involves questions of fact and law that must be determined through a summary judgment motion or trial.

## IV. RECOMMENDATION

Based on the foregoing, it is **RECOMMENDED** that plaintiff's motion for declaratory judgment be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 10 days of service of a copy hereof, as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health*

*and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Within 10 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not exceed 20 pages in length unless such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections by motion and order. If the Court determines any objections are without merit, it may rule without awaiting the response to the objections.

Date: May 19, 2008                              s/Michael Hluchaniuk
                                                                       Michael Hluchaniuk
                                                                       United States Magistrate Judge

# CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: Clifton B. Schneider, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Najib Shoucair, #252899, Gus Harrison Correctional Facility, 2727 E. Beecher Street, Adrian, MI 49221.

       s/James P. Peltier
       Courtroom Deputy Clerk
       U.S. District Court
       600 Church Street
       Flint, MI 48502
       (810) 341-7850
       pete_peltier@mied.uscourts.gov