UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| NAJIB SHOUCAIR, | Case No. 07-12964 |
| Plaintiff, | Anna Diggs Taylor |
| vs. | United States District Judge |
| KIYAWA WILLIAMS, | Michael Hluchaniuk |
| | United States Magistrate Judge |
| Defendant. | |
| _____/ | |

**REPORT AND RECOMMENDATION**
**DEFENDANT'S MOTION TO DISMISS (Dkt. 93)**

**I.   PROCEDURAL HISTORY**

Plaintiff, Najib Shoucair, a prisoner in the custody of the State of Michigan, filed his initial complaint on July 17, 2007. (Dkt. 1). In that complaint, plaintiff sought damages against three employees of the Michigan Department of Corrections (MDOC) based on allegations that he was denied certain rights under the United States Constitution. *Id.* This matter was referred for all pretrial proceedings by District Judge Anna Diggs Taylor. (Dkt. 11, 14).

On December 11, 2009, a limited appearance of counsel was filed on behalf of defendant Kiyawa Williams. (Dkt. 72). On that same date, defendant Williams filed a motion to dismiss for failure to timely serve the summons and complaint. (Dkt. 73). Plaintiff filed a response on January 20, 2010. (Dkt. 79). On May 27,

2010, the Court issued an order directing personal service on defendant Williams and extending the summons until July 26, 2010. (Dkt. 85). Defendant Williams was personally served on July 19, 2010. (Dkt. 90). Given that defendant Williams was served with the extended summons and complaint, the undersigned recommended that defendant's motion to dismiss based on a lack of timely service be denied, which recommendation was adopted by Judge Taylor. (Dkt. 91, 96).

On July 27, 2010, defendant Williams moved to dismiss based on plaintiff's failure to state a claim, asserting similar argument to those presented by former co-defendants in their motion to dismiss, which was ultimately granted by the Court based on the undersigned's recommendation. (Dkt. 76, 84, 88). Plaintiff filed a response to the motion to dismiss on August 17, 2010. (Dkt. 95). This matter is now ready for report and recommendation.

Based on the analysis set forth below, the undersigned **RECOMMENDS** that defendants' motion to dismiss, which, as discussed below, has been construed as a motion for judgment on the pleadings, be **GRANTED** and that plaintiff's claims against defendant Williams be **DISMISSED** with prejudice.

## II. STATEMENT OF FACTS

Plaintiff alleges that defendant Williams is a corrections officer employed by the MDOC. (Dkt. 36, ¶ 6). On May 6, 2006, plaintiff, a devout Muslim, was approached by an unknown prisoner and told to "watch his back" after the prisoner

witnessed a Moorish Science Muslim prisoner talking to a corrections officer about "what they should do to them all violently." (Dkt. 36, ¶ 9). Plaintiff also alleges that, on April 11, 2006, while practicing his daily prayer, he was approached by a first shift corrections officer and warned that if he continued to pray, "there would be problems." (Dkt. 36, ¶ 11). Plaintiff sent a kite regarding this incident, but no investigation was conducted and no additional staff were added to the unit. According to plaintiff he was "left exposed to a potentially high risk of assault based on at least two known incidents referencing Plaintiff's nationality and Muslim faith." (Dkt. 36, ¶ 12).

According to plaintiff's amended complaint, he was assaulted at the prison on May 25, 2006, which caused him to suffer from a depressed skull fracture, requiring hospitalization and treatment. (Dkt. 36, ¶¶ 14-17). Plaintiff underwent a mechanical ventilation of his skull and an insertion of an endotracheal tube. *Id*. at ¶ 17. Plaintiff asserts that the fellow prisoner who assaulted him was charged with assault to do great bodily harm less than murder and with possession of a weapon. *Id*. at ¶ 18.

As to defendant Williams (a correction officer at the Lapeer facility), plaintiff alleges that he was responsible for monitoring and managing prisoners in his care within the unit at all times, including logging security matters and notifying relief staff of any problems. (Dkt. 36, ¶¶ 5-6). Plaintiff alleges in Count

III that Williams violated his First and Fourteenth Amendment rights to freely practice and observe his Muslim faith and to be free from discrimination based on his nationality because he was aware of the threats made on two occasions, and failed to take action. Plaintiff also alleges in Count IV that defendant Williams violated his Eighth Amendment rights when he failed to prevent the assault and failed to intervene. Plaintiff also alleges that defendant Williams' failures (in conjunction with the other defendants) to investigate, to take steps to protect plaintiff, and to stop the assault constitute a conspiracy under 42 U.S.C. § 1985. (Dkt. 36, Count VIII).

## III. DISCUSSION

### A. Standard of Review

Technically, defendants' motion to dismiss under Rule 12(b)(6) is untimely, given that such a motion must be filed before a responsive pleading is filed. Fed.R.Civ.P. 12(b). However, the undersigned construes defendants' motion as one for judgment on the pleadings under Rule 12(c), which may be brought after pleadings are closed, but early enough so as not to delay trial, as set forth in Rule 12(h)(2)(B). *See e.g.*, *Trustees of the Univ. of Pennsylvania v. Mayflower Transit, Inc.*, 1997 U.S. Dist. LEXIS 14577, at *4 (E.D. Pa. 1997) ("although a post-answer Rule 12(b) motion is untimely, this timing requirement has customarily been treated as a mere technicality ... a motion to dismiss under Rule 12(b)(6) made after

an answer has been filed may be treated, in the court's discretion, as a Rule 12(c) motion for judgment on the pleadings.") (internal citations and quotation marks omitted); *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) (explaining principal difference between Rule 12(c) and Rule 12(b) motions "is the time of filing"; noting the two motions "are functionally identical"); *Dale v. Executive Office of the President*, 164 F.Supp.2d 22, 24 (D. D.C. 2001) (holding "[i]f a party files a Rule 12(c) motion before the answer, the court may treat it as a motion to dismiss under Rule 12(b)(6).).

The standard for a motion for judgment on the pleadings under Rule 12(c) is the same as that for a motion to dismiss under Rule 12(b). *See e.g.*, *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004) ("There is no material difference in the applicable legal standards."). To survive a motion for judgment on the pleadings under Rule 12(c) or to dismiss under Rule 12(b)(6), a plaintiff must first comply with Rule 8(a)(2), which requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007), quoting, *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

The Supreme Court recently raised the bar for pleading requirements beyond the old "no-set-of-facts" standard of *Conley v. Gibson*, 355 U.S. 41, 78 (1957), that

had prevailed for the last few decades. *Courie v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 2009 WL 2497928, *2 (6th Cir. 2009), citing, *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937, 1949 (2009); *see also Twombly*, 550 U.S. at 555. In *Iqbal*, the Supreme Court explained that a civil complaint only survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949. The Sixth Circuit observed that this new standard is designed to screen out cases that, while not utterly impossible, are "implausible." *Courie*, at *2. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. And although the Court must accept all well-pleaded factual allegations in the complaint as true, it need not "'accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555, quoting, *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *see also Iqbal*, 129 S.Ct. at 1949. The Sixth Circuit noted that "[e]xactly how implausible is 'implausible' remains to be seen, as such a malleable standard will have to be worked out in practice." *Courie*, *2.

Where a plaintiff is proceeding without the assistance of counsel, the court is still required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *See e.g. Simmons v.*

6

Report and Recommendation
Motion to Dismiss/Judgment on Pleadings
*Shoucair v. Warren*; 07-12964

*Caruso*, 2009 WL 2922046 (E.D. Mich. 2009), citing, *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Thus, the Court must still read plaintiff's *pro se* complaint indulgently and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (The Court of Appeals improperly departed "from the liberal pleading standards set forth by Rule 8(a)(2)" and failed to "liberally construe" the *pro se* complaint at issue.).

    B.    <u>First Amendment and RLUIPA</u>

Prison inmates are entitled to the protection of the First Amendment, including the free exercise clause. *O'Lone v. Shabazz*, 482 U.S. 342, 348 (1987). However, an inmate's constitutionally protected rights, including his First Amendment rights, must be balanced against the institution's need to maintain security and order within the prison. In *Turner v. Safley*, 482 U.S. 78 (1987), the Supreme Court held that prison regulations may infringe on a prisoner's constitutional rights as long as they are rationally related to a legitimate penological concern. In the context of the First Amendment free exercise clause, "[a] prisoner alleging that the actions of prison officials violate his religious beliefs must show that 'the belief or practice asserted is religious in the person's own scheme of things' and is 'sincerely held.'" *Flagner v. Wilkinson*, 241 F.3d 475,

481 (6th Cir. 2001), quoting, *Kent v. Johnson*, 821 F.2d 1220, 1224 (6th Cir. 1987). "A religious belief which is not sincerely held or a belief which is purely secular does not require the prison to consider accommodation." *Mosier v. Maynard, D.O.C.*, 937 F.2d 1521, 1526 (10th Cir. 1991), citing, *Johnson v. Moore*, 926 F.2d 921, 923 (9th Cir. 1991).

The RLUIPA states in pertinent part:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution ... even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a). Thus, a more stringent, less deferential standard is applied to a RLUIPA claim (the least restrictive means of furthering a compelling governmental interest) than to a First Amendment § 1983 claim (reasonably related to legitimate penological interests). *See Cutter v. Wilkinson*, 544 U.S. 709 (2005). Under RLUIPA, the initial burden of showing a substantial burden on a religious practice lies with the plaintiff. 42 U.S.C. § 2000cc-2(b).[1] The burden then shifts to

---

[1] In *Cardinal v. Metrish*, 564 F.3d 794, 801 (6th Cir. 2009), the Sixth Circuit held that the Eleventh Amendment bars claims for money damages in official capacity suits against state officials. Money damages suits against state officials in their individual capacities, while never specifically address by the Sixth Circuit (*Heard v. Caruso*, 2009 WL 26298293 (6th Cir. 2009)), is seemingly permissible. *See e.g. Atkins v. Christiansen*, 2009 WL 4042756 (W.D. Mich. 2009). However,

the government to demonstrate that the compelling interest test is satisfied. *See Id*. A governmental practice, decision or regulation imposes a "substantial burden" on the exercise of religion "if it truly pressures the adherent to significantly modify his religious behavior and significantly violate his religious beliefs." *Adkins v. Kaspar*, 393 F.3d 559, 569-70 (5th Cir. 2004). Stated differently by the Seventh Circuit, "a substantial burden on religious exercise is one that necessarily bears direct, primary, and fundamental responsibility for rendering religious exercise ... effectively impracticable." *Civil Liberties for Urban Believers v. City of Chicago*, 342 F.3d 752, 761 (7th Cir. 2003). Once it is determined that a regulation imposes a substantial burden on a prisoner, the review of that burden under the Free Exercise Clause differs from RLUIPA. *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 814 (8th Cir. 2008), citing, *Cutter v. Wilkinson*, 544 U.S. 709, 714 (2005).

The undersigned previously concluded, which conclusion was adopted by the Court, that plaintiff did not identify in his amended complaint any burden

---

District Judge Janet T. Neff recently concluded that the RLUIPA does not permit claims for money damages against individual defendants. *Green v. Tudor*, 685 F.Supp.2d 678, 699 (W.D. Mich. 2010). The Sixth Circuit has at least implicitly acknowledged that a RLUIPA action can be brought against defendants named in their individual capacities. *See Figel v. Overton*, 263 Fed.Appx. 456, 458-459 (6th Cir. 2008), applying a qualified immunity analysis to a RLUIPA claim. Qualified immunity is a defense only available to individual defendants, not to a state or municipality, or defendants sued in their official capacities. *Kentucky v. Graham*, 473 U.S. 159 (1985); *Farnsworth v. Baxter*, 2007 WL 2793364, *2 (W.D. Tenn. 2007).

placed on the practice of his religion or any policy that impeded his ability to practice his religion in any respect. (Dkt. 84, 88). The undersigned continues to agree with defendants that plaintiff improperly attempts to force his Eighth Amendment claims into First Amendment and RLUIPA claims. Thus, just as with the previous motion to dismiss, defendant Williams' motion to dismiss these claims should be granted.

C. Personal Involvement

To establish a cause of action under § 1983, two essential elements are required: (1) there must be conduct committed by a person acting under color of state law, and (2) the conduct must deprive the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527 (1981); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Jones v. Duncan*, 840 F.2d 359, 361-62 (6th Cir. 1988). Defendant Williams does not claim that the first prong of this test is disputed.

Defendant Williams argues that plaintiff does not make any factual allegations against Williams to suggest his personal involvement. At best, according to defendant Williams, plaintiff alleges that "the Defendants" failed to properly investigate. (Dkt. 36, ¶ 21). Plaintiff also alleges in Count IV that defendant Williams violated his Eighth Amendment rights when he failed to prevent the assault and failed to intervene. With respect to plaintiff's claims under

the Eighth Amendment, the Supreme Court has held that "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A review of plaintiff's amended complaint reveals that plaintiff offers no factual allegations to support a claim that defendant Williams knew of and disregarded a substantial risk of harm to plaintiff. While plaintiff vaguely alleges that defendant Williams was "aware" of earlier threats against plaintiff or his Muslim sect, he does not set forth any more specific facts regarding defendant Williams' alleged knowledge and awareness. Thus, in the view of the undersigned, viewing the complaint liberally, plaintiff's Eighth Amendment claim against defendant Williams fails to state a claim on which relief can be granted.

D. <u>Conspiracy</u>

In order to establish a violation of § 1985(3), plaintiff would have to show (1) a conspiracy involving two or more people, (2) for the purpose of depriving, directly or indirectly a person or class of persons the equal protection of the law, (3) an act in furtherance of the conspiracy and (4) with a resulting injury to a person or property, or a deprivation of any right or privilege of a citizen of the

United States. It must also be shown that the conspiracy was motivated by a class-based animus such as race. *Smith v. Thornbury*, 136 F.3d 1070, 1078 (6th Cir. 1998).

Plaintiff alleges that defendants' failure to investigate, to take steps to protect plaintiff, to stop the assault, and to deny knowledge of plaintiff's complaints constitute a conspiracy in violation of § 1985. (Dkt. 36, Count VIII). The undersigned previously concluded that plaintiff's allegations of a conspiracy to deprive him of his constitutional rights based on any racial and religious animus were insufficiently specific, even under the liberal pleading standards applied to *pro se* litigants, and simply does not state a claim. (Dkt. 84, citing, *Center for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 832 (6th Cir. 2007) ("conspiracy must be pled with some degree of specificity and ... vague and conclusory allegations unsupported by material facts will not be sufficient to state a claim."); *Jaco v. Bloechle*, 739 F.2d 239, 245 (6th Cir. 1984) (Conspiracy claim properly dismissed where "complaint merely alleged broad conclusory negligence language void of the factual allegations necessary to support a conspiracy theory.")). This recommendation was adopted by the Court. For these same reasons, the conspiracy claim against defendant Williams fails and should be dismissed.

## IV. RECOMMENDATION

Based on foregoing, the undersigned **RECOMMENDS** that defendant Williams' motion to dismiss be **GRANTED**, and that plaintiff's complaint be **DISMISSED** with prejudice.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the

same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: October 27, 2010                    s/Michael Hluchaniuk
                                          Michael Hluchaniuk
                                          United States Magistrate Judge

### CERTIFICATE OF SERVICE

I certify that, on October 27, 2010, I electronically filed the foregoing pleading with the Clerk of the Court using the ECF system, which will send notification of such filing to the following: Clifton B. Schneider, and I certify that I have mailed by United States Postal Service the foregoing pleading to the plaintiff, a non-ECF participant, at the following address: Najib Shoucair, # 252899, 3250 Pelham Road, Dearborn, MI 48214.

                                          s/Tammy Hallwood
                                          Case Manager
                                          (810) 341-7887
                                          tammy_hallwood@mied.uscourts.gov